OPINION OF THE COURT
Guy P. De Phillips, J.
This is a paternity proceeding instituted by the Commissioner of Social Services of the City of New York as assignee of the right to child support of the child’s mother, Elba M.
On March 5, 1984, respondent admitted paternity and consented to an order directing support in the sum of $30 biweekly, effective March 16, 1984, for the two children payable to the support collection unit established by the Department of Social Services of the City of New York. Petitioner’s request for an income deduction order contingent on two defaults under the support order pursuant to section 49-b of the Personal Property Law was granted. Subsequently the petitioner Commissioner of Social Ser *894 vices of the City of New York submitted on or about March 7, 1984, proposed orders of filiation for each of the two children, a proposed order of support which contains a provision authorizing an income deduction contingent on two defaults and a proposed income deduction order. The court has signed the proposed orders of filiation and the income deduction order as submitted. With respect to the proposed order of support, the court has amended same by inserting a decretal paragraph. The nature, necessity and relevance of this added provision will be subsequently explained.
Respecting the proposed order of support and income deduction order, it is noted that both are prepared forms with blanks to be filled in to conform to the particulars of each case. The typeset language utilized in the forms endeavors to track the words of the relevant statute, to wit, section 49-b of the Personal Property Law entitled “Income deduction by court order in support cases”. As to income deductions, the order of support states: “ordered that no deduction pursuant to Section 49-b of the Personal Property Law shall be made unless and until the Support Collection Unit has determined that Respondent’s support payment arrears equal or exceed the amount of monies in making (second default sum of $60) payments, as ordered herein, and the copy of an income deduction order and determination has been served upon respondent’s employer, auditor, comptroller, or disbursing officer of any pension fund, of the State of New York or any political subdivision thereof, or the United States and provided that Respondent is notified of such determination at least fifteen days prior to service of such order and if Respondent pays all arrearages within such period then such order and determination shall not be served and no deduction shall be required by virtue of such determination however such payment by Respondent of accumulated arrears does not bar employment of the above procedure concerning any subsequent deficiencies.” (The amount in brackets is that filled in the blank space provided to tailor the form to the instant case.) This provision of the support order is, in effect, a contingent income deduction directive.
The proposed income deduction order — a prepared “Form 4-8a (Income Deduction Order Support Collection *895 Unit)” contains a provision that it is not to be effective “unless and until the Support Collection Unit has determined that such person’s support payment arrears equal or exceed the amount of monies in [sum of $60] payments, in accordance with the above-mentioned Order of Support and a copy of this income deduction order and such determination has been served upon Respondent’s employer.” Patently, the two proposed orders, the support order with its contingent income deduction order provision, and the income deduction order, itself, are closely interrelated. However, it is the support order with its contingent income deduction provision which is critical because such order sets forth the parameters of due process notice to the respondent as envisioned by the statute (Personal Property Law, § 49-b). To simplify and restate: the proposed income deduction order declares that it is effective upon (a) a determination by the support collection unit that the respondent is in arrears in the requisite amount, i.e., that respondent has defaulted, and (b) service on the employer of a copy of that determination and of the income deduction order. The proposed support order declares that no deduction under the income deduction order may be made (because it is contingent) until (a) the support collection unit determines that the respondent is in arrears in the requisite amount, (b) the respondent has been notified of that determination at least 15 days prior to service of the income deduction order on the employer and (c) has failed to pay the arrearages within such 15-day period.
It is axiomatic that one may not be deprived of property without due process of law. Study of section 49-b of the Personal Property Law discloses a legislative oversight which subjects the statute to unconstitutional application if strictly construed. For purposes of this discussion it must be remembered that the support collection unit is not an arm of the court or an extension of the judicial determination process, but is an arm of a litigant, to wit, the Department of Social Services. Section 49-b (subd 1, par [a]) of the Personal Property Law declares that “the court, at the time an order of support is made or [at] any time thereafter, upon a showing of good cause, shall order [an income deduction]” (emphasis supplied). The determination of *896 good cause is a judicial determination — a function of the court. “In determining good cause, the court may take into consideration evidence of the degree of the respondent’s past financial responsibility, credit references, credit history, and any other matter the court considers relevant in determining the likelihood of payment in accordance with the support order. Proof that the respondent is three payments delinquent establishes a prima facie case against the respondent, which can be overcome only by proof of respondent’s inability to make the payments. Unless such presumption is overcome, the court shall order [the income deduction]”. (Personal Property Law, § 49-b, subd 1, par [a]; emphasis supplied.)
In section 49-b (subd 1, par [b]) of the Personal Property Law the Legislature favored the support collection unit by extending to it the power ex parte to determine good cause. Said paragraph reads as follows: “When an order for support is made which orders that the payment be made to the support collection unit, the court, at the time such order of support is made, shall order [an income deduction] provided however that any such [income deduction] order shall provide that no such deduction shall be made unless and until the support collection unit established by the appropriate social services district has determined that such person’s support payment arrears equal or exceed the total amount of monies payable in [making] a specified number of payments determined by the court in the support order and a copy of the income deduction order and determination has been served upon such person’s employer * * * provided that such person [respondent] shall be given notice of such determination at least fifteen days prior to service of such order and determination on such employer * * * and if such person [respondent] pays all arrearages within such fifteen day period, such order and determination shall not be served and no deduction shall be required by reason of such determination” (emphasis supplied).
Comparison of paragraph (a) with paragraph (b) of subdivision 1 of section 49-b of the Personal Property Law reveals that in situations where the payee under the order of support is someone other than the support collection unit, an income deduction is ordered only upon a showing *897 of good cause made to the court and it is the court’s determination of good cause based upon the evidence which mandates the deduction order. However, where the payee is the support collection unit, it is the latter’s administrative determination that good cause exists which mandates implementation of the income deduction order. There is no provision for judicial review of this administrative determination and the only due process rights afforded the respondent are the 15-day notice plus opportunity to cure within such period. There is no opportunity afforded the respondent by the strict language of paragraph (b) to contest the issue of good cause. Accordingly, an administrative determination by the support collection unit that the requisite arrears exist suffices for implementation of the contingent income deduction order even though in fact, the respondent may be current in support payments. Paragraph (b) is silent regarding any remedy by which respondent can contest the propriety of the support collection unit’s determination. He either pays such arrears as uttered by that determination or confronts the effectuation by the unit of the income deduction. Clearly under paragraph (b) the court is relegated to the role of “rubber stamping” the propriety of the support collection unit’s determination before the fact. This simply will not pass constitutional muster. Reduced to its essentials, blind application of paragraph (b) results in a person being deprived of part of his compensation from employment without the opportunity to contest the propriety of such action other than by forestalling it in acquiescence to the ex parte dictate of a party that certain moneys are now due and owing.
It is well recognized that a court should not strike down a statute as unconstitutional unless such statute clearly violates the Constitution and that a statute must be construed, if possible, in such manner as to uphold its constitutionality (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150). To this end all parts of a statute are to be construed as a whole and all parts are to be read and construed together to determine legislative intent (McKinney’s Cons Laws of NY, Book 1, Statutes, § 97). Reading paragraphs (a) and (b) together, it is clear that the Legisla *898 ture intended that the determination by the support collection unit as to the existence of arrears be subject to judicial review on notice to respondent with an opportunity to respondent to contest that determination in court if he deems such action warranted. In essence this result, achieved by construing paragraphs (a) and (b) of subdivision 1 of section 49-b of the Personal Property Law together, is the same as that envisioned by the appellate court in Commissioner of Social Servs. v Robert G. (72 AD2d 9, 14) wherein it was observed that a respondent on notice of the collection unit’s determination is afforded an opportunity to make up the delinquency and “[although the statute does not provide for application to the court for modification or to stay enforcement of the [income deduction] order, it is plain that such right exists”. It was further noted that “[since] 15 days’ notice must be given, the respondent is afforded an opportunity to prevent an order from being served on his employer by paying the delinquency or applying to the court for a stay” (supra, at p 18; emphasis supplied).
Most of the respondents summoned to Family Court for support by the Commissioner of Social Services are unsophisticated, relatively poor and uneducated. The accounts and records statements of the support collection unit are in a significant percentage of cases inaccurate. These facts are at sharp variance to the expressions of faith in the due process allegiance of the support collection unit set forth in Commissioner of Social Servs. v Robert G. (72 AD2d, at pp 16, 17). No justification is advanced apart from an ipse dixit that the “determination by the support collection unit * * * that a default has occurred in the court-specified number of payments provides substantial assurance that respondent’s interests are not being compromised” (p 16) and that “since the determination of delinquency is being made by the support collection unit, an impartial governmental agency, there is an assurance or at least a substantial likelihood that the delinquency claim will be well founded” (p 17).
The characterization of the support collection unit as “an impartial governmental agency” whose ex parte determination of “good cause” gives “substantial assurance” of *899 fairness (Commissioner of Social Servs. v Robert G., supra) does not alter the fact that the support collection unit is the arm of an interested party, the Department of Social Services, in the support proceeding before the court. The opposing party, the respondent, whether sophisticated or unsophisticated, educated or uneducated, intelligent or weak of intellect, financially well-off or poor, is entitled to due process. Justice is blindfolded not to render sightlessness, but to impart equal treatment of all who come before her. It has been the experience of this court that many of the respondents confronted by the Commissioner in support and supplemental enforcement proceedings display ignorance of the law and in some instances unnecessary apprehension. The Commissioner is represented at all times by counsel whereas the vast majority of respondents act pro se. Statements of arrears supplied by the support collection unit are oft-times contradictory to the allegations of the Commissioner’s own petitions, contradictory to previous statements or partially or totally unfounded in light of proofs of payment provided by respondents. The court credits the Commissioner and his support collection unit with good faith, but that does not detract from the reality that a respondent confronted by them in court confronts an entrenched bureaucracy of no small dimension with all the defects inherent therein.
Reason and common sense mandate that the “good cause” requirement of section 49-b (subd 1, par [a]) of the Personal Property Law be read into paragraph (b) of said subdivision 1 and that the petitioner Commissioner be required to specifically advise the respondent in the 15-day notice that in addition to the right to forestall implementation of the payroll deduction order by payment of arrearages, the respondent has the right to contest whether “good cause” exists for such implementation by advancing either that there are no arrears or that he lacked the ability to make the payment. In this latter aspect, attention is called to sections 455 and 460 of the Family Court Act as they affect the vesting of arrears.
The court concludes that subdivision 1 of section 49-b of the Personal Property Law mandates the granting to the Commissioner a contingent income deduction order at the *900 time the support order is made. The income deduction order becomes effective only upon the happening of certain events. This salient fact, coupled with the court’s inherent power to require compliance with due process demands that the effectiveness of the income deduction order be subject to judicial oversight. While the Legislature may direct the court to grant the contingent income deduction order to the Commissioner, it may not thereby deprive the court of control over its own process or force abdication of its judicial responsibility.
This responsibility dictates the following: (a) the proposed order of support submitted by the petitioner Commissioner must conform to the due process parameters inherent in subdivision 1 of section 49-b of the Personal Property Law as delineated above. Accordingly, said order must contain a provision expressing that the income deduction order is effective upon: (1) the support collection unit’s determination that the respondent is in the requisite amount of arrears; (2) notification to respondent of that determination at least 15 days prior to service of the income deduction order which notification must advise respondent that he has the right to cure the arrears or to contest the arrears (by claiming either that there are no arrears or the arrears are less than asserted or that he did not have the ability to pay the arrears as they accrued); and (3) the failure of the respondent to either cure or contest; (b) the contingent income deduction order, signed at the time the support order is made, is to be retained by the court in the support proceeding file. Such order must be released by the court clerk to the petitioner upon ex parte demonstration that the three outlined requirements set forth in the support order as required by the statute have been complied with. In other words, the petitioner must file an affidavit or affirmation stating that the above three requirements (contingencies) have been met. Of course, if respondent contests the “good cause” issue, a full hearing with both sides present is obtained. Assuming good cause is demonstrated, the income deduction order is effected.
In order to comply with the construction of subdivision 1 of section 49-b of the Personal Property Law to satisfy due process considerations the court has added the following *901 provision to the support order proposed by the Commissioner: “Provided that Respondent in such 15 days notice is advised of the right to contest the Support Collection Unit’s determination and if Respondent successfully contests such determination, the income deduction order shall not then be served.” With this amendment, the order of support has been signed. It now comports with the due process requirements implicit in subdivision 1 of section 49-b.
Requiring that the signed contingent income deduction order remain in the court file to be released subsequently upon the happening of the contingencies and the ex parte filing of an affidavit or affirmation attesting to those circumstances is not specifically delineated in the statute. However, it is implied by the nature of the judicial function in determining “good cause” and the fact that the mandated income deduction is not immediately susceptible of effectuation, but is contingent. The due process considerations outlined above support the imposition of this requirement as a proper exercise of judicial power. This requirement serves the salutory purpose of insuring and reinforcing concern for the observance of due process on the part of the litigant — the Commissioner of Social Services, and restores to the court power over its own orders and removes any argument that the court is a “rubber stamp” of the Commissioner, a mere appendage of the support collection process.
The afore-mentioned procedure fully realizes the goal of less court involvement in consonance with due process and fully vindicates the spirit of subdivision 1 of section 49-b of the Personal Property Law.
Since the petitioner Commissioner submits prepared forms of proposed orders, it is hoped that the instant rationale will serve as clarification of the action taken by the court with respect to the proposed orders herein and as guidance for future submissions.